

MAR 08 2022
Clerk, U.S. Courts
District of Montana
Missoula Division

UNITED STATES DISTRICT COURT
    DISTRICT OF MONTANA
        BUTTE DIVISION

STEPHEN P. KELLY,
2101 Meadow Ct. #804.
DES MOINES, I.A. 50306,
    Plaintiff,

VS.

COMMUNITY PROTESTANT CHURCH, a
Montana religious entity, BOB
EVEREST, in his official capacity,
THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation,
and BISHOP HALES, in his official
capacity, 50 East North Temple st.,
Salt Lake city, Utah 84150, and
505 N., Electric street., W.Y.-Mont. 59758,
    Defendant(s).

(1)

## CIVIL COMPLAINT

COMES NOW THE PLAINTIFF IN THE above styled action and does show cause for complaint as follows:

(1) This is an action sustained by, STEPHEN P. KELLY, hereinafter, Plaintiff KELLY, and sues the defendant's, jointly and severally, COMMUNITY PROTESTANT CHURCH, a Montana religious entity, BOB EVEREST, in his official capacity, THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation, and Bishop HALES, in his official capacity, alleging:

(A) Defamation, libelous quotes, slander, and (B) Unlawful disclosure, violation of the House of worship doctrine.

## RELATED CASES

(2) Johnson, vs. The corporation of the President of the church of

(2)

Jesus Christ of Latter-Day Saints.
Marion county circuit court of Oregon.
case No. #6:20-CV-00190.

## PARTIES

(3) Plaintiff STEPHEN P. KELLY, is a
former member of the church of Jesus
Christ of Latter-Day saints, and was
a part time attender of the community
protestant church located within the
confines of West Yellowstone Montana.

(4) Plaintiff KELLY, had in fact
sought financial assistance from the
COMMUNITY PROTESTANT CHURCH, and
from its pastor BOB EVEREST.

(5) capacity defendant, BOB
EVEREST, acts in his official
capacity as lead pastor over the
community PROTESTANT CHURCH,
located within the confines of
West Yellowstone, Montana.

(6) corporate defendant's, THE CHURCH
OF JESUS CHRIST OF LATTER-DAY
SAINTS, is a Utah corporation, and
obtains a large numeration of

(3)

church entities within the State of Montana, <u>one of which are located within the confines of</u> West yellowstone, Montana.

(7) Capacity defendant, <u>Bishop HALES</u>, acts in his official capacity as <u>L.D.S. church bishop over the West yellowstone ward</u>, within the confines of the Ashton Idaho stake, and his first name is unknown to plaintiff, <u>and undiscl- -osed by church leaders in Salt Lake city</u>, therefore he is in fact solely named as his official capacity of bishop, where his last name is clearly asserted as a qualified defendant upon the case caption of this civil complaint.

## NATURE OF THE CASE

(8) This case is predicated upon two legal aspects, (a) <u>Defamation,</u> and (b) unlawful disclosure, <u>Violation of the federally protected House of worship doctrine.</u>

(4)

(9) Pursuant to Montana Legislation "**[defamation1]**" is effected by either Libel or slander". Slanderous quotes are spoken, whereas Libelous quotes are written such as in this concise case filed by KELLY !

(10) Pursuant to Montana Legislation and flagged case law in Montana courts, State and Federal, slander is in fact defined as follows: Slander in fact exists as a **(false)** and **(unprivileged) publication** other than Libel that: (1) imputes a person the present existance of an infectious, contagious, or Loathsome disease; (2) charges any person with a crime or with having been indicted, convicted, or punished for a crime; (3) tends directly to injure a person in respect to the person's office, profession, trade, or business; (4) imputes to a person's impotence or want of chasity; or (5) by natural consequence causes actual damage.

(11) A united states supreme
courts decision is clear where, the
court in fact held that the
Plaintiff/pleader need only to
prove that the defamatory statem-
-ent was in fact made with
negligence in the matter of a
private individual suing a party
or a corporation.

(12) Here Plaintiff, establishes and
shows not solely, and merely, defend-
-ant's liability, thus more ever
a clear showing of plausibility,
and not merely (possibility)! In
this, Plaintiff KELLY, does in fact
meet the pleading standard
that in fact applies in federal
court. (Fed. R. Civ. P. 8(a)(2). The U.S.
Supreme court has in fact
clearly explained this require-
-ment.

(13) All of these facts and court
requirement's will clearly be
asserted within the statement
portion of this civil complaint, by
Plaintiff.

(14) ( Applying a <u>negligence</u> <u>standard</u> <u>to a</u> <u>defamation claim</u> recognizing that the plaintiff, pleader " may in fact recover <u>actual damages</u> <u>for a</u> <u>defamatory</u> <u>publication</u> upon clear proof that the defendant well knew, or obtained clear knowledge of his or her <u>predicate act</u> and misconduct, <u>or the</u> <u>exercise of</u> <u>reasonable care</u> should have known that the defamatory statement was (false)!

(15) As to the <u>aspects of;</u> <u>unlawful disclosure and of</u> <u>the " [House of worship</u> <u>doctrine]"</u>, a related case does in fact exists where an L.D.S. Bishop within the state of oregon <u>unlawfully disclosed</u> <u>confidential information</u> <u>confided in with a clergy,</u> Bishop, where an active church member, Timothy samuel johnson, in fact revealed to his trusted Bishop that he had in fact molested a

( 7 )

minor child, Leading to the
Bishop reporting this protected
quote to Law enforcement,
resulting into the member
mr. Johnson, being arrested
and convicted, and sentenced
to fifteen years in state
prison! mr. Johnson's wife,
Kristine Johnson Litigated/
sued in the circuit court of
marion county-oregon. (Kristine
Johnson, VS. The president of
the corporation of the church
of Jesus christ of Latter-Day
Saints! case numeration- #
6:20-cv-00190.

(16) while this plaintiff
here, KELLY, does not suffer
the same exact damages as
plaintiff Kristine Johnson,
he has in fact sustained
personal injury, caused by the
same related predicate acts
of the oregon L.D.S. church
Bishop. montana obtains
related Legislation's in
support of the "[HOUSE of
worship doctrine]"!

(8)

## JURISDICTION AND VENUE

(17) This federal court obtains jurisdiction over this case pursuant to diversity of citizen--ship, where the parties are citizen's of different states. 28 U.S.C. §1332.

(18) Plaintiff STEPHEN P. KELLY, is a united states citizen, and is a resident of the state of Iowa, thus, he in fact resided within the confines of the state of Montana during such time of incident of all issues here raised!

(19) Defendant's, COMMUNITY PROTESTANT CHURCH, obtains its principal place of business solely in the state of Montana, and outside of the state of Iowa.

(20) Capacity defendant, BOB EVEREST, is a citizen of the state of Montana, and has resided in Montana at all times material to this action.

(21) Corporate defendant's, THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, obtains its principal place of busin- -ess in the state of Utah, (a third party state to this action), and does church business in the state of Montana.

(22) Capacity defendant, Bishop HALES, is a citizen of the state of Montana, and has resided in Montana at all times material to this action, and acts under the primary authority of Utah defendant's, THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, and is their local Montana Bishop.

(23) The financial damage amount in dispute is in excess of; $75,000.

(24) Venue is proper in the District of Montana because each event giving rise to this action accrued in the District of Montana. 28 U.S.C. § 1391.

## STATEMENT OF FACTS

(25) Plaintiff KELLY, here asserts a clear plausible claim, where as to the cause of action of; (defamation) he articulates that the severe predicate acts at the hands of all named defendant's, are, (a) acted with clear "[malice]" against KELLY, (b) with clear intent to injure KELLY, and that defendant's well, (c) knew that the acts engaged into would damage KELLY's quality reputation!

(11)

(26) A clear negligence claim with "[intent]" for defamation is hereby asserted by Plaintiff KELLY, and shows much more ("PLAUSIBILITY"), and not solely a possibility, where here KELLY, can clearly and within quality reason prove that these defamatory words and written publication was in fact made with clear neglig--ence, which here all defend--ant's has for certain exposed Plaintiff KELLY, to ridicule, and has "[obloquy]" caused KELLY, to be shunned and avoided, where defendant's had a clear tendency in which to cause injury to Plaintiff's occupation.

(27) During the summer months of may of 2021, KELLY, was in fact camping on a very tempory basis within the confines of a U.S. Forestry campground, Bakers hole, at West Yellowstone-montana.

(12)

(28) Four consecutive nights, very late KELLY, noticed a black bear directly behind his campsite and called Gallitin 9-11 services each night around 2:00 a.m.

(29) Forestry personell, and Montana fish-wildlife-and parks, was not on duty during such hours, however, the West yellowstone police department responded in which to assist KELLY, for his safety !

(30) On Sunday morning, a game warden, Robert Pohle, with the Mont. fish-wildlife-and parks, for West yellowstone arrived at Bakers hole campground in which to investigate KELLY'S, bear report, and did in-fact confirm black bear tracks directly behind KELLY'S campsite !

(31) A few days later, trail camera results, also confirmed a young black bear directly behind KELLY'S, campsite —

( 13 )

imposing a severe safety risk upon KELLY !

(32) Now as to the clear facts of defamation engaged into at the hands of defendant's, HALES, and EVEREST, in light of a sincere business interest in the tourism district of West yellowstone, and pursuant to their financial loss due to bear safety, they in a most corrupt avenue, "[concealed]" KELLY'S bear citing asserting on a face book publication that KELLY, was in fact a habitual lyer, and asserted with the face book "[Publication]", that KELLY, in fact obtained a severe mental disorder, and mental loathsome disease !!! (False) - (Knowing)!!!

(33) This concise face book "[Publication]" caused KELLY, to be (shunned and avoided) by the West yellowstone community, and KELLY'S two potential employer's! (loss of employment!!! (Defendant's Knowing and intent!!

(14)

(34) Defendant, HALES, a mormon
bishop, and asserting that he
was acting in his official capacity
as an official bishop, with the
church of Jesus christ of Latter-
Day Saints, in fact issued and "[wrote]"
an e-mail "[Publication]",
without privilege or consent per
Plaintiff KELLY, addressed to
KELLY'S new employer, a private
contracting company in yellowstone
national park, (a) defaming
KELLY, and (b) unlawfully
disclosing confidential infor-
-mation in violation of the
House of worship doctrine, in
HALES written quote that
KELLY, obtained a severe mental
illness, and Loathsome disease,
and in that, was not qualified
for the concise position at
which KELLY, had already
been hired to do, HALES,
written and unprivileged quotes,
causing KELLY, to be terminated
from his employment! HALES,
called KELLY, per phone and
Laughed, HALES, clearly indica-
-ted to KELLY, that his act, was

( 15 )

engaged into in an avenue in
which to force KELLY, to promptly
depart from West yellowstone.
(clear malice) in which to
defame and to cause ridicule
upon KELLY exists here!!! By
natural consequence KELLY,
suffers severe damages in LOSS
of employment, caused by
defendant, HALES!

(35) Plaintiff KELLY, promptly
notified L.D.S. church headquaters
in Utah of Bishop HALES, severe
misconduct existing of defamation,
and House of worship doctrine
violation, however, church leader's
right out ignored, ratified, and
condoned the severe predicate
act of their under bishop, bishop
HALES! (Liability exists upon the church).

(36) KELLY, was in fact at that
time a member of the church of
Jesus christ of Latter-Day Saints,
and confided with his own church
bishop, (HALES), as to merely his
extreme mere depression and

(16)

distress over his father's death in 2014, and of the death of KELLY'S young son, yet, HALES, acting with clear malice fabricated KELLY'S simple issues and defamed KELLY'S quality reputation, including disclosed privileged information to KELLY'S new employer in the park confided in with a clergy member/bishop HALES, where HALES, quoted in writting an unprivileged publication in his e-mail, and then again twice posted an additional publication on face book, that KELLY, was in fact "[PSYCHOTIC]", to be read, and was in fact read by numerous business owner's within the entire realm of West yellowstone, causing KELLY, to be shunned, and avoided, by his already hired employer, and all of the other local businesses, in an avenue, as quoted to KELLY, by HALES, to ensure that KELLY, could not ever sustain suitable employment in West yellowstone what so ever!

(17)

(37) Joint defendant's, HALES, and EVEREST, together-both further contacted a potential part - time employer for KELLY, with the u.s. forestry dept., in two consecutive e-mail's, a "[written]" statement, addressed to the Human resource department in Washington, D.C., and also with the local area u.s. forestry supervisor, in a corrupt avenue in which to knock out KELLY'S, upcoming interview for soon employment, with the local area West-Yello- -wstone forestry division, which was in fact successful by defendant's, HALES, and EVEREST, where the u.s. forestry human resourse department in Washington, D.C., entered a prompt telephone call into KELLY'S cell unit, and notified KELLY, that it was determined that he could not become employed by the forestry, pursuant to his reported mental anguish, where the woman from the forestry made clear

that KELLY'S church bishop,
(HALES), as she quoted it, had
written an objection to KELLY,
being hired by the forestry, in
his bishop's quote in his
written letter — that KELLY,
was an habitual Lyer, and
was " [psychotic! This written
statement at the hands of
HALES, and EVEREST, was clearly
(false), and done with clear
(malice) against KELLY, and
caused a direct injury to KELLY'S
profession and trade!!! By natural
consequence damages are clearly
caused!

(38) Plaintiff KELLY, had also
confided in his own clergy/
bishop, bishop HALES, that he/
KELLY, knew Bob Everest, the
pastor of the community Protest-
-ant church, where Everest, had
in fact provided some financial
assistance to KELLY, and during
this privileged conversation
between KELLY, and his own
church bishop, (HALES), KELLY,

(19)

had in fact disclosed to bishop
HALES, the privacy, and
privileged information in
concerns of KELLY'S, (a) emotional
distress, and depression over
his father's death, and of the
death of KELLY'S young son,
including, (b) KELLY, confiding
in his own bishop/HALES, that
KELLY, in fact obtained a soon
job interview with the U.S.
forestry, yet, KELLY, never
authorized HALES, to call
Pastor Everest of another
external church, (in severe
violation, of the House of worship
doctrine), with a trusted clergy
member, HALES, without privilege
or consent per KELLY, disclosing
confidential, and privacy
information to Pastor Everest,
as to the personal information
asserted above!

(20)

(39) Defendant's, EVERST and HALES, both own businesess in West Yellowstone, and because Plaintiff KELLY, cited a bear near town, defendant's, right out lied, quoting in writting on face book, that KELLY, was nothing more than "[Psychotic]" slander, and defamation rises. Defendant's, lied on face book as to KELLY, citing a bear, in a false, and corrupt avenue in which to hide this bear report from tourist, that may depart West Yellowstone over a safty issue!

(40) Plaintiff KELLY, promptly returned to Helena Montana, and sought and received mental treatment, and a sincere mental evaluation from a Local Helena psychiatrist, Dr. Mark MOZER, where after a period of three consecutive month's, Dr. MOZER, made very clear to KELLY, that KELLY's diagnosis existed that he has never during any point and time shown any acts of appearing "[Psychotic]"!

(41) Defendant's, quotes upon face book, were nothing less than careless, with intentional "[knowing]", causing KELLY, to be shunned and avoided in the L.D.S. church, the community protestant church, and within the West Yellowstone community.

(42) Dr. Mark Mozer, made clear to KELLY, that he would in fact agree to become KELLY'S, medical expert in any trial in this court!


## CLAIM ONE

(43) All acts per joint defendant's were done in clear "[malice]", in a clear and intentional avenue in which to ensure that Plaintiff would in fact be shunned and avoided in one certain community!

(22)

## CLAIM TWO

(44) Defendant's, caused plaintiff the LOSS of employ- -ment, at their act of "[writt- -en]", publication's !! They well (knew) and acted with clear (intent)!

## CLAIM THREE

(45) Both defendant's, knew with clear intent that they were in fact slandering and defaming KELLY, and well knew that the malicious acts would clearly cause KELLY, financial LOSS, LOSS of employ -ment, and for KELLY, to be shunned and avoided within the business community of West Yellowstone!

## CLAIM FOUR

(46) Due to the defendant's, publication on facebook, and

(23)

e-mail's, KELLY, can never
be successful, as to any
employment in West Yellow-
-stone!

## RELIEF

WHEREFORE, upon the premises
considered, Plaintiff request
upon this honorable court the
following:

(A) Enter judgment against all
defendant's, jointly and severally,
in actual damage amount of; $900,000.

(B) civil jury trial requested.

(c) Find the complaint plausible
upon its face!

(d) Find that Plaintiff has in
fact alleged a cognizable legal
theory in support of these
claims.

(24)

( e ) Find that a cognizable Legal theory is here <u>alleged by the pleader</u> <u>in support of a claim upon which</u> <u>relief may be granted.</u>

( f ) Find that Plaintiff, has made a <u>short plain statement,</u> articulated within this complaint!

( g ) Find that Plaintiff, has <u>alleged clear misconduct engaged</u> <u>into at the hands of defendant's,</u> <u>showing they are liable. This</u> <u>court can in fact draw a reasonable</u> <u>inference !</u>

I declare under penalty of perjury the foregoing to be true and correct.

Signed this <u>4th</u> Day of march, 2022.

Stephen P. Kelly
(SIGNATURE OF PLAINTIFF)

( 25 )